IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROSALYN KENDALL, an individual )
)
Plaintiff, )
)
v. ) Civil Action No.: 2:06CV676-ID
)
USAA INSURANCE AGENCY, INC., )
a corporation, )
) **DEMAND FOR JURY TRIAL**
Defendant. )

## COMPLAINT

The Plaintiff, Rosalyn Kendall, is an adult resident of Elmore County, Alabama. The Defendant, USAA Insurance Agency, Inc., (hereafter USAA) is a corporation doing business in Elmore County, Alabama.

## FACTUAL ALLEGATIONS

On or about December 17, 2002, the Plaintiff Rosalyn Kendall was operating a vehicle lawfully on a public roadway in Elmore County, Alabama, to wit: Ala. Highway 143 at Ala. River Parkway. The underinsured driver of another vehicle, Angelia L. Mercer, negligently or wantonly allowed the vehicle which she was driving to collide with the vehicle which the Plaintiff, Rosalyn Kendall, was operating at the time of the accident.

## DAMAGES

As a proximate consequence of said collision with the other vehicle driven by Angelia L. Mercer, an underinsured motorist, the Plaintiff, Rosalyn Kendall, suffered the following injuries and damages:

1. Numerous personal injuries, including a left sacral fracture, fractured lumbar vertebra, several fractures in her superior and symphysis pubis,

severe liver laceration, and a devastating fracture of her left medial humeral condyle;

2. Mental anguish and emotional distress;

3. Pain and suffering;

4. Past, present and future medical expenses;

5. Lost wages;

6. Permanent injuries and damages.

## COUNT ONE

1. Plaintiff adopts and realleges all previous paragraphs and further avers:

2. The Defendant, USAA, at all times relevant hereto issued to the Plaintiff a policy of automobile liability insurance which contained a provision affording underinsured motorist coverage and that said policy was in full force and effect on December 17, 2002, the day of the accident.

3. On December 17, 2002, the plaintiff was injured by the operator of the motor vehicle, Angelia L. Mercer.

4. Angelia L. Mercer on the occasion of the accident was undisputedly acting in the course and scope of her employment, and therefore, subject to the liability insurance provided by her employer. Such policy of liability insurance is inadequate to fully compensate the plaintiff for her injuries and damages as previously described. Furthermore, Angelia Mercer's own individual liability insurance coverage is superfluous and irrelevant.

5. Plaintiff further avers that Angelia L. Mercer, the underinsured driver of the other

vehicle, is legally responsible for her injuries. Plaintiff Rosalyn Kendall is therefore legally entitled to recover damages.

WHEREFORE, Plaintiff respectfully requests compensatory and punitive damages in an amount to be determined by a jury, plus interest and costs of court.

## COUNT TWO
## DECLARATORY JUDGMENT

6. Plaintiff adopts and realleges all previous paragraphs and further avers:

7. An actual controversy has arisen between the parties regarding their respective rights and obligations under the insurance policy and whether the policy provides coverage for the injuries set forth above.

8. Plaintiff contends that there is coverage under the policy in connection with the claim set forth above for the following reasons:

   (A) The Plaintiff contends that the fact the Plaintiff, Rosalyn Kendall, has settled her claim against the employer's liability insurance carrier, and such tender failed to fully compensate the Plaintiff for her injuries fully set forth above, the Plaintiff is entitled to underinsured motorist benefits under the policy issued to the Plaintiff by the Defendant, USAA.

   (B) The fact that the underinsured driver, Angelia Mercer, held a liability policy of her own is not applicable. Such policy is superfluous and irrelevant, specifically because the Defendant USAA granted permission for the Plaintiff's settlement with such

3

        liability carrier.

(C)    Any other result would be a violation of Alabama's public policy regarding uninsured and underinsured motorist insurance coverage, which states that it's purpose is to maximize coverage in a situation as is present under these facts.

WHEREFORE, plaintiff requests that this honorable court declare the rights and obligations of each of the parties with regard to the dispute; that the court declare that there is coverage under the insurance policy issued to the Plaintiff, and the court grant plaintiff such other relief and further relief as the court deems just and proper.

*/s/ Lindsey O. Hill*
Richard F. Horsley (HOR023)
Lindsey O. Hill (HIL055)
Attorneys for Plaintiff

**OF COUNSEL:**
**GOOZÉE, KING & HORSLEY**
**Shades Brook Bldg., Ste. 200**
**3300 Cahaba Road**
**Birmingham, Alabama 35223**
**(205) 871-1310**
**(205) 871-1370**

TRIAL COUNSEL:

Richard F. Horsley
Lindsey O. Hill

        **Plaintiffs hereby demand a trial by a struck jury in this cause.**

*/s/ Lindsey O. Hill*
Of Counsel

Plaintiff's Address
c/o Lindsey Hill
GOOZÉE, KING & HORSLEY
Shades Brook Bldg., Ste. 200
3300 Cahaba Road
Birmingham, Alabama 35223

Defendant's Address

USAA Insurance Agency, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Ste. 204
Montgomery, Alabama 36109