**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **ROSALYN KENDALL,** | ] |
| **Plaintiff,** | ] |
| **v.** | ]    **CIVIL ACTION NO. 2:06 CV 676-ID** |
| **USAA INSURANCE AGENCY, INC.** | ] |
| **Defendant.** | ] |

## ANSWER

COMES NOW the Defendant designated as USAA Insurance Agency, Inc., whose true and correct name is United Services Automobile Association (" USAA") and in response to plaintiff's complaint, responds as follows:

### FACTUAL ALLEGATIONS

1.    Defendant admits that an automobile accident occurred on or about December 17, 2002 involving Rosalyn Kendall and that this accident occurred in Elmore County, Alabama. Defendant denies the remaining allegations contained in the "factual allegations" portion of the plaintiff's complaint and demands strict proof thereof.

### DAMAGES

1.    Defendant denies that Angelia L. Mercer was an underinsured motorist and demands strict proof thereof.

2.    Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in the remainder of the "Damages" section of plaintiff's complaint and therefore denies same.

## COUNT ONE

1.      Defendant reavers as if set forth fully herein all previous paragraphs of its Answer.

2.      Defendant admits that on December 17, 2002, USAA issued an insurance policy in the name of Gary Kendall.  USAA also admits that the aforementioned insurance policy contained a section providing for uninsured/underinsured motorist benefits. Defendant denies the remaining allegations contained in paragraph 2 of Count One of plaintiff's complaint and demands strict proof thereof.

3.      Defendant denies the allegations contained in paragraph 3 of Count One of plaintiff's complaint and demands strict proof thereof.

4.      Defendant admits that Angelia L. Mercer was acting within the line and scope of her employment and was subject to the liability insurance provided by her employer. Defendant denies the remaining allegations contained in paragraph 4 of Count One of plaintiff's complaint and demands strict proof thereof.

5.      Defendant denies the allegations contained in paragraph 5 of Count One of plaintiff's complaint and demands strict proof thereof.

## COUNT TWO

6.      Defendant reavers as if set forth fully herein all previous paragraphs contained within this Answer.

7.      Defendant admits the allegations contained in paragraph 7 of Count Two of plaintiff's complaint and demands strict proof thereof.

8.      Defendant denies the allegations contained in paragraph 8 of Count Two of plaintiff's complaint and demands strict proof thereof.

2

## AFFIRMATIVE DEFENSES

1.    Defendant pleads the general issue.

2.    Plaintiff fails to state a claim upon which relief may be granted.

3.    Defendant denies any wrongful, improper, negligent or wanton conduct.

4.    Defendant denies that the incident referred to in Plaintiff's complaint was the proximate cause of the injuries or damages allegedly sustained by the Plaintiff.

5.    Defendant pleads an intervening and superceding act which proximately caused the damages or injuries allegedly sustained by Plaintiff.

6.    Defendant pleads the affirmative defense of contributory negligence.

7.    Defendant pleads assumption of the risk.

8.    Defendant pleads a sudden emergency.

9.    Defendant pleads the affirmative defense of accord and satisfaction.

10.    Defendant avers that plaintiff has failed to mitigate her damages.

11.    Defendant pleads the statute of limitations.

12.    Plaintiff's claims against this Defendant are due to be dismissed as this court lacks subject matter jurisdiction.

13.    The plaintiff is not legally entitled to recover from the alleged underinsured motorist because any such claims asserted against the uninsured motorist would be barred by the applicable statute of limitations.

15.    Pursuant to *Alabama Code* §11-93-2, the plaintiff's total damages are capped at $100,000.  At least $100,000 in liability coverage was "available" and/or paid to the plaintiff.  The plaintiff is therefore not able to recover from this defendant.

## PUNITIVE DAMAGE DEFENSES

3

1.    Defendant pleads § 6-11-21, *Code of Alabama, as amended*, in its entirety with all sub-parts thereto more generally referred to as the statutory provision applying caps to punitive damages.

2.    Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

A.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

B.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

C.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

E.    The procedures pursuant to which punitive damages are awarded

4

result in the imposition of different penalties for the same or similar acts, and thus violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

     F.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

     G.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution

3.    Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama on the following grounds;

     A.    It is a violation of the Due Process Clause of to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

     B.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

     C.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

     D.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

     E.    The award of punitive damages in this case constitutes a deprivation

of property without due process of law; and

      F.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

      4.     The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

      5.     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

      6.     The award of punitive damages against the defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

      7.     These defendants say that the imposition of punitive damages under Alabama law is arbitrary and capricious, inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama and that imposition of punitive damages under Alabama law, even with Green Oil and Hammond's guidelines is arbitrary and capricious leading to "grossly excessive" punitive damage awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation

between the defendant's alleged conduct and the legitimate interest of the State to punish

unlawful conduct and deter its repetition. <u>BMW of North American v. Gore</u>, 517 U.S. 559

(1986).

8.    Notions of judicial fairness, Due Process, and constitutional jurisprudence

dictate that a person receive fair notice of not only the conduct that will subject him to

punishment but also the severity of the penalty that a State may impose.  This State

provides no such notice to defendants leading to "grossly excessive" punitive damage

awards that violate the United States Constitution and its amendments. <u>BMW of North</u>

<u>American v. Gore</u>, 517 U.S. 559 (1996).

9.    The award of discretionary, compensatory damages for mental suffering on

behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of

the Constitution of the United States because there are no fixed standards of the

ascertainment of compensatory damages recoverable for mental suffering.  The amount

of damage for such a claim is left to the sound discretion of the jury with no specific, much

less objective standard for the amount of the award.  Therefore, the procedure pursuant

to which compensatory damages for mental suffering are awarded violates the Constitution

because: (a) it fails to provide a reasonable limit on the amount of the award against

Defendant, which thereby violates the due process clause of the Fourteenth Amendment

of the Constitution of the United States, (b) it fails to provide specific standards for the

amount of the award of compensation, which thereby violates the due process clause of

the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition

of different compensation for the same similar acts and, thus, violates the equal protection

clause of the Fourteenth Amendment of the United States Constitution; and, (d) it

constitutes deprivation of property without due process of law required under the Fifth and

Fourteenth Amendments of the United States Constitution.

10.    The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against these Defendants, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

11.    Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, *Alabama Code*, 1975.  This defense is intended to challenge the ruling stated in *Henderson v. Alabama Power Co.*, 627 So. 2d 878 (Ala. 1993).

12.    Any and all claims for punitive damages in this action are limited in the amount by application of Ala. Code §6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00.  See also Oliver v. Towns, 738 So. 2d 798 (Ala. 1999).

13.    The holding of Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to Goodyear Tire & Rubber Co. v. Vinson, 749 So.2d 393 (Ala. 1999), and supporting authority cited therein, which are adopted by reference as if it was set forth herein.

14.    The doctrine of revival dictates there upon the overruling of Henderson, the $250,000.00 cap provided by Ala. Code, §6-11-21 (1975), as applicable to this case which was filed after that applicable section was enacted.

15.    Plaintiff's attempt to impose punitive damages or extra-contractual damages on this defendant on the basis of the vicarious liability for the conduct of others, violates the

Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

Respectfully submitted,

/s/ W. Evans Brittain
W. Evans Brittain
Attorney for USAA

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

### CERTIFICATE OF SERVICE

I hereby certify that on this August 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard F. Horsley, Esq.
Lindsey O. Hill, Esq.
rfhala@cs.com

/s/ W. Evans Brittain